# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAN LEE SCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 12-076-JHP-SPS ) |
| CORRECTIONAL OFFICER BALVER, et al., | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on the defendants' motion for summary judgment, plaintiff's "dispositive motion," and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint, the parties' motions, the defendants' response to plaintiff's motion, and a special report prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at DCF. On October 9, 2013, ten defendants were dismissed for plaintiff's failure to serve them in accordance with Fed. R. Civ. P. 4(m). The remaining defendants are DCF Correctional Officers Balver, Davis, and David Riddle, and Correctional Counselor Kate Wallgren.

Plaintiff alleges he submitted a request for medical services, stating he is unable to chew food properly because he has no teeth on one side of his mouth, and his facial muscles are deteriorating. On January 4, 2011, Dr. Cooper, the facility dentist, took X rays and impressions. Dr. Cooper advised that plaintiff could not have the operation he needed at DCF, and he inquired when plaintiff would be discharged. Plaintiff replied that he had 30

years remaining on his sentence. Plaintiff was told he would have to wait until he went to minimum security or to his own dentist.

On January 31, 2011, plaintiff returned to Dr. Cooper, who allegedly tried to get plaintiff to sign a blank form on which plaintiff's name had been forged. Because plaintiff refused to sign the form, he did not receive medical care. Defendant Wallgren and another correctional officer escorted plaintiff back to his cell.

On March 15, 2011, plaintiff submitted another Request for Medical Services to see Dr. Cooper and a Request to Staff to Don G. Pope. Unit Manager William Barlow said he would forward the requests when he made his rounds, but plaintiff claims this was not done. On April 23, 2011, plaintiff completed another Request for Medical Services, and on April 26, 2011, he filed an Informal Resolution to Warden Robert Ezell. Ezell did not respond, so plaintiff filed a Grievance to the warden on May 9, 2011, but it also was not answered.

On June 1, 2011, plaintiff filed a grievance to DOC Director Justin Jones which was returned unanswered, because it should have been filed with Genese McCoy of DOC Medical Services. Plaintiff submitted a Grievance with McCoy on July 12, 2011, but it was returned unanswered on August 18, 2011, with a grievance restriction warning. Plaintiff asserts he followed the grievance policy.

Plaintiff further alleges that on June 16, 2011, he was transported to a hospital in Oklahoma City by Defendant Wallgren and other correctional officers. The doctor at the hospital inquired about when plaintiff's problems began, and plaintiff said he had just become aware that the denial of adequate medical care violated his Eighth Amendment rights. One of the correctional officers told plaintiff to shut his mouth, but plaintiff continued talking about the Eighth Amendment and the cruel and unusual punishment that had been inflicted upon him. The correctional officer next told plaintiff that if he did not stop talking, the officer would throw him on the floor. The officer then said to the doctor that the visit was over. Plaintiff said he was not scared of anybody, but he could not do anything because he was in shackles. Everyone began exiting the room, and plaintiff was returned to DCF.

One of the correctional officers told another that "he wanted to beat [plaintiff's] ass."

On August 22, 2011, Correctional Officer Lovato delivered two misconducts to plaintiff for his signature. Plaintiff alleges one misconduct was a month old and the other was two months old. One was for "exercising [his] first civil right Freedom of Speech at the hospital, and the other was from Defendant Correctional Officer Balver and Nurse Rosy Knight. He contends these two misconducts were in retaliation for his civil rights lawsuit and an attempt to silence him.

Plaintiff told Officer Lovato, "Y'all is writing me up for exercising my 1st right Freedom of Speech," and he asked the officer if he knew about the Bill of Rights or that plaintiff's civil rights were being violated. The officer asked whether plaintiff had any witnesses. Plaintiff alleges he was not aware of his rights until 2011, when he read part of a manual that discussed human rights law. He then realized "[t]hey had been walking all over [his] constitutional rights for years [and he was] the only one that didn't know it."

Plaintiff allegedly received three additional misconducts from Defendant Correctional Officer Davis on September 6, 2011, as a form of retaliation. Unit Manager Barlow also issued misconduct reports on September 7, 2011, and November 7, 2011. Plaintiff asserts the misconducts were vindictive retaliation for his attempt to file a civil rights complaint concerning the denial of medical care.

**Defendant Wallgren**

Plaintiff alleges that on June 16, 2011, Defendant Correctional Counselor Wallgren transported him from a hospital appointment in Oklahoma City back to the facility, and on January 31, 2011, she escorted him from the prison's medical clinic back to his cell. Wallgren states by affidavit that on June 16, 2011, she was assigned as one of the transport officers making a routine escort of several inmates to Oklahoma Memorial Hospital for medical appointments. She drove one of the two vehicles used that day. During plaintiff's appointment, Wallgren was posted outside in the vehicle on the parking lot. Before enough

3

time had passed for a complete exam of plaintiff, he was escorted back to the vehicle, screaming about violations of his rights. Senior Officer Cherry, Case Counselor Nunez, and Correctional Officer Newton all were present and placed plaintiff in the back of Wallgren's vehicle.

Wallgren drove the vehicle back to the prison facility, and when she stopped to refuel, plaintiff said some very inappropriate sexual comments to her. She was not surprised by his behavior, because her observation of plaintiff at the facility was that he was a very angry and aggressive inmate. Wallgren did not recall hearing anyone tell plaintiff that he wanted to assault plaintiff, and she made no such remark.

Here, the court finds plaintiff has failed to state a claim for a violation of his civil rights.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Plaintiff has failed to set forth what constitutional right was violated by Defendant Wallgren. To the extent he is alleging Wallgren was the officer who made the remark about wanting to assault him, the Tenth Circuit has held that such idle threats to harm a prisoner do not give rise to a § 1983 claim. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979). Plaintiff's claim against Defendant Wallgren fails.

**Defendants Balver, Davis, and Riddle**

Plaintiff alleges the remaining three defendants retaliated by issuing misconducts against him. It is well settled that "prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). A plaintiff alleging retaliation for his exercise of constitutional rights, however, "must prove that 'but for' the retaliatory motive, the incidents

to which he refers, including the disciplinary action, would not have taken place." *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990) (quoting *McDonald v. Hall*, 641 F.2d 16, 18 (1st Cir. 1979)). "[I]t is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990). Here, the court finds plaintiff has failed to estabish facts that support his retaliation claims.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED AS FRIVOLOUS. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

DATED this 29th day of January 2015.

James H. Payne
United States District Judge
Eastern District of Oklahoma